UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Antonio Gordon, # 259798, *Individually and on behalf of all others similar situated*,<br><br>  Plaintiff,<br><br>vs.<br><br>Honorable John C. Hayes, III, *Associated Judge, York County Circuit Court, Individually and in their official capacity*;<br>The State of South Carolina, *Individually and in their official capacity*,<br><br>  Defendants. | C/A No. 8:14-359-JFA-JDA<br><br><br>Report and Recommendation |

**BACKGROUND OF THIS CASE**

Plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. Defendant Hayes is a South Carolina Circuit Judge. Plaintiff has also named the State of South Carolina as a defendant.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's guilty plea to a charge of murder on July 16, 1999 [Doc. 1 at 4]. Plaintiff's guilty plea was entered in the Court of General Sessions for York County [*Id.*]. Plaintiff alleges or contends: *(1)* the Family Court and the South Carolina Department of Juvenile Justice "had exclusive original Jurisdiction" of Plaintiff when Judge Hayes accepted Plaintiff's guilty plea [*Id.*]; *(2)* Judge Hayes failed to transfer Plaintiff to the Family Court [*Id.*]; *(3)* Judge Hayes' failure to transfer deprived Plaintiff of a hearing and a full investigation [*Id.* at 4–5]; *(4)* Judge Hayes' failure to transfer

Plaintiff "deprived the Solicitor of the responsibility" of petitioning for a transfer to Circuit Court [*Id.* at 5]; *(5)* Judge Hayes abused his discretion in failing to "accomplish" a transfer order; *(6)* the statutory provision [S.C. Code Ann. § 20-7-6605], which deprived the Family Court of its exclusive original jurisdiction, is unconstitutional because it is vague or indefinite on its face [*Id.*]; *(7)* "Defendant" intentionally treated Plaintiff differently than those similarly situated less than seventeen years of age charged with A, B. C, and D offenses [*Id.*]; *(8)* the actions of Defendants constitute cruel and unusual punishment as well as deliberate indifference [*Id.* at 6]; and *(9)* Plaintiff has no plain, adequate, or complete remedy at law [*Id.*].  In his prayer for relief, Plaintiff seeks a declaratory judgment, preliminary and permanent injunctions, an order granting Plaintiff a hearing before the Family Court, expungement of the records of Plaintiff's arrest and conviction, court costs, and other relief deemed appropriate by this Court [*Id.* at 7].

Appended to the Complaint are an affidavit by Plaintiff concerning his guilty plea [Doc 1-1]; copies of form orders used by the Solicitor's Office for the Third Judicial Circuit in juvenile cases [Doc. 1-2 at 1–2]; a copy of a Juvenile Transfer Request used by the Sumter Police Department [*Id.* at 3]; a copy of a *portion* of a court order issued by the Honorable Ruben L. Gray, South Carolina Family Court Judge [*Id.* at 4–5]; a copy of S.C. Code Ann. § 20-7-6605 [*Id.* at 6]; a South Carolina Department of Juvenile Justice evaluation form for Plaintiff dated July 3, 1995 [*Id.* at 7]; an arrest warrant for Plaintiff dated July 23, 1998 [*Id.* at 8–9]; an order of appointment of counsel for Plaintiff dated July 23, 1998 [*Id.* at 10–12]; a transcript of Plaintiff's guilty plea [*Id.* at 13–17]; Plaintiff's affidavit of indigency dated August 13, 2001 [*Id.* at 18]; portions of documents and transcripts from

Plaintiff's post-conviction case [*Id.* at 19–43]; and copy of an Order of October 2, 2013, of the Supreme Court of South Carolina dismissing Plaintiff's Petition for Mandamus pursuant to the holding in *Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356 (1991) (Supreme Court of South Carolina will not entertain actions filed in its original jurisdiction where the matter can be entertained in the trial courts of State) [*Id.* at 44–45].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's

allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

>and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Eleventh Amendment Immunity**

The Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against his or her own State, *Hans v. Louisiana*, 134 U.S. 1 (1890), or against an instrumentality of the state considered an "arm of the State[.]" *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 (1997). Hence, the State of South Carolina is immune from suit under the Eleventh Amendment. Similarly, to the extent that Judge Hayes is being sued in his official capacity as a Judge, this action cannot be brought in this federal court because of the Eleventh Amendment. *See Morstad v. Dept. of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir.1998) ("absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability"). Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); and *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Accordingly, Plaintiff's Complaint is barred by the Eleventh Amendment.

**Judge Hayes Immune from suit**

South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988). Insofar as Plaintiff is bringing suit against Judge Hayes for his actions and rulings in Plaintiff's cases, Judge Hayes is also immune from suit because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *cf. Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**Plaintiff's Complaint barred by *Heck v. Humphrey***

Plaintiff's Complaint concerns matters pertaining to his conviction and life sentence for murder, which were entered in the Court of General Sessions for York County in 1999. However, until the Plaintiff's conviction or sentence is set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*). Plaintiff has neither alleged nor

6

demonstrated that his underlying conviction or sentence has been invalidated; thus, this action is barred by *Heck*. *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**This case cannot be certified as a class action.**

Controlling Fourth Circuit case law precludes certification of a *pro se* case as a class action. In other words, Plaintiff cannot "represent" other inmates who were convicted as juveniles in a Court of General Sessions. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

## RECOMMENDATION

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page**.

                                                  s/ Jacquelyn D. Austin
                                                  United States Magistrate Judge

February 20, 2014
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).