UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Gordon, #259798, individually and on behalf of all others similarly situated, | C/A No. 8:14-359-JA-JDA |
| Plaintiff, | |
| vs. | ORDER |
| Honorable John C. Hayes, III, Associate Judge, York County Circuit Court, individually and in their official capacity; and the State of South Carolina, individually and in their official capacity, | |
| Defendants. | |

The *pro se* plaintiff, Antonio Gordon, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his civil rights in connection with his guilty plea to a state charge of murder in 1999. Plaintiff seeks a declaratory judgment, injunctive relief, a hearing before the Family Court, record expungement, and costs.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the § 1983 action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The Magistrate Judge opines that the State of South Carolina is immune from suit under the Eleventh Amendment; Judge Hayes has absolute judicial immunity from suit pursuant to *Mireles v. Waco*, 502 U.S. 9 (1991); this action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and plaintiff cannot represent other inmates in a class action.

Plaintiff generally objects to the Magistrate Judge's conclusions as to judicial immunity and the bar to suit under the holding of *Heck*. The court has reviewed the objections *de novo* and finds them to be without merit. Accordingly, the objections are overruled.

Plaintiff has filed a motion for leave to file an amended complaint to remove the State of South Carolina as a party. He also seeks to add as party defendants two other persons, Detective Jerry Waldrop and Detective Derrick Williams. The plaintiff's motion to amend his complaint (ECF No. 14) is denied as futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Additionally, plaintiff filed a motion to change venue to the appropriate court in York County "because this court does not have subject matter jurisdiction pursuant to *Heck*." This

court has no authority to transfer a case that has been summarily dismissed to a state court. Accordingly, plaintiff's motion to change venue (ECF No. 17) is denied.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 7, 2014
Columbia, South Carolina